**SELMA–KINGSBURG–FOWLER COUNTY SANITATION DISTRICT, a California special district, Petitioner,**

v.

**UNITED STATES DISTRICT COURT FOR the EASTERN DISTRICT OF CALIFORNIA, Respondent,**

**Braun, Pasillas & Wagner, a co-partnership, Leo Braun, Manuel Pasillas, Charles T. Wagner, Individually and as co-partners, Envirotech, Inc., a Delaware Corporation, Eimco Corporation, a Delaware Corporation, Eimco, BSP Services Co., a corporation or a division of a corporation, and Eimco, BSP Division, a corporation or a division of a corporation, Real Parties in Interest.**

No. 78–3400.

United States Court of Appeals, Ninth Circuit.

Sept. 18, 1979.

Denise A. Routhier, Thomas, Snell, Jamison, Russell, Williamson & Asperger (argued), Fresno, Cal., for petitioner.

Thomas J. Mikos, Monteleone & McCrory, Los Angeles, Cal., Dean A. Bailey, Stammer, McKnight, Barnum & Bailey, Fresno, Cal., (argued), for respondent.

Before ELY and HUFSTEDLER, Circuit Judges, and TAYLOR,* District Judge.

### ORDER

The Petitioner sued the real parties in interest (hereinafter "Respondents") in the Superior Court of the State of California. Its complaint included charges of the violation of California's anti-trust laws. Thereafter, the Petitioner sued the Respondents in the District Court, claiming damages for the alleged violation of federal anti-trust laws. The federal suit is based, essentially, upon the so-called Clayton Act. 15 U.S.C. §§ 15 and 26:

Upon the motion of the Respondents, made to the District Court, the District Court chose to abstain from proceeding with the federal suit pending the outcome of the proceedings in the California court. The Petitioner then filed its Petition for a writ of mandamus, urging that the District Court was without power to abstain from proceeding with an action involving only the application of federal law. Different judges of this Court considered the Petition, called for a written Response, which was filed, and oral argument followed. During oral argument, this Court urged counsel for the Petitioner to dismiss its anti-trust claims in the California court. Submission of the matter was deferred for a period of 10 days to allow the Petitioner to determine whether it would follow this Court's suggestion. The Petitioner's attorneys have now written that the anti-trust claims in the California court will not be dismissed. It contends that there may be differences in the application of the Clayton Act and the California anti-trust laws and that different remedies may be available. Having received this notice, the cause is now submitted for decision.

We have concluded that we have no choice save to issue the writ. The District Court has jurisdiction over the claim filed therein, and, as we have previously noted, that claim involves only the Clayton Act, a federal law.

We can understand the concern of the District Court, for we share that concern. Petitioner's attorneys, by insistence upon pursuing both federal and state remedies for the same alleged violation of the anti-trust laws, are draining the very scarce judicial resources available in both the federal and state forums to pursue what they apparently believe are strategic advantages. We cannot commend this conduct. If there

---

* Honorable Fred M. Taylor, Senior United States District Judge for the District of Idaho, sitting by designation.

are different remedies under the state and federal statutes, it appears to us that the remedies under California's law are equally favorable to the Petitioner, if not more favorable, than those existing by reason of the Clayton Act.

Notwithstanding all of the foregoing, the District Court was without power to enter its order of abstention. The Petition for writ of mandamus is

GRANTED.